On a former day of the term an opinion was rendered affirming this judgment. Two companion cases against the same party have recently been reversed. (218 S.W. Rep., 1050-51) and a motion for rehearing was ably presented asking that this judgment be set aside and a reversal granted.
In the light of this motion and what was said in the other two Russell cases, after careful revision of the record, we have concluded the evidence is not sufficient to have justified the verdict. A recapitulation of the evidence would not be of any practical service, but inasmuch as we have concluded the case ought to be reversed will say this: It is shown by the evidence that the residence of Mrs. Hopkins was entered for the purpose of theft but *Page 590 
no property was taken, the burglar being frightened, fled; that a pair of shoes was left in the house by the burglar, which was shown to belong at appellant's residence. There was nothing to indicate size of the shoes, or to whom they belonged. These matters ought to and could have been made much clearer and more satisfactory. The burglar was traced from Mrs. Hopkins' house to the residence of appellant. These tracks were made by some one in sock feet. The party who made the tracks is shown to have worn a sock used by soldiers. These socks were found at appellant's residence showing with a sufficient degree of accuracy that the party who wore them may have made the tracks. There was a soldier, a relative of appellant's wife, living at appellant's house at the time and had so resided for a while. He was wearing a uniform of the United States army at the time. It is not shown that appellant had any clothing that belonged to the United States army or had been the property of the United States government. On this particular night there was no property taken from Mrs. Hopkins' house, though there had been some taken on a previous burglary. This property was found at appellant's residence. There was also property found at appellant's residence taken from other burglarized houses within thirty days of this occurrence. They were not found in possession of appellant otherwise than being found in his house. The record fails to disclose that he exercised any special ownership or control over them, or had them exclusively in his possession. There were several rooms in the house. His possession is in fact, if they were in his possession, that they were in his house. Yell, the soldier, was an occupant of the house. Whether these goods were in his room or some other portion of the house is not shown. The question of possession of recently stolen property was not an issue in the case, because none was taken. The finding of the other property at his house was introduced as a fact, among other things, to show intent, and the court so charged the jury. It may also have been used as a circumstance, which was not charged the jury, to connect him or Yell with this particular burglary. The usual rule is that where unexplained possession of recently stolen property is relied upon, it must be exclusively in the party against whom such possession is sought to be used. That rule only obtains when the case is that no one else but the accused committed the offense. If he and another committed it together, possession by the other party of the goods can be used always, provided that the conspiracy or acting together is shown. Following the decisions in the companion cases against appellant, as well as under the facts of the case, we have concluded we were in error in affirming the judgment.
The motion for rehearing will be granted, the affirmance set aside and the judgment reversed and the cause remanded.
Reversed and remanded. *Page 591